UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TYRONE LEE DOBY,

    Petitioner,

v.                                       Case No. 06-CV-15427
                                        Hon. Lawrence P. Zatkoff

THOMAS K. BELL,

    Respondent.
_____/

**OPINION AND ORDER
(1) DENYING PETITIONER'S PETITION FOR WRIT OF HABEAS CORPUS
AND
(2) DENYING A CERTIFICATE OF APPEALABILITY AND LEAVE TO PROCEED
ON APPEAL *IN FORMA PAUPERIS***

I.

Petitioner Tyrone Lee Doby, a state inmate, currently confined at the Boyer Road Correctional Facility in Carson City, Michigan, has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, alleging that he is incarcerated in violation of his constitutional rights. In 2003, in the Genesee County, Michigan, Circuit Court, Petitioner pleaded guilty to possession with intent to deliver between 225 to 649 grams of cocaine, in violation of Mich. Comp. Laws § 333.7401(2)(a)(ii). He was sentenced to twenty-to-thirty-years imprisonment. The underlying offense occurred on February 1, 2002. For the reasons stated below, the Court denies Petitioner's petition.

II.

Petitioner was initially charged with (1) delivery of cocaine—225 to 649 grams, (2) possession with intent to deliver cocaine—225 to 649 grams, (3) maintaining a drug house, and, (4) felony firearm. On June 10, 2003, the day of trial, Petitioner, represented by counsel, appeared

before the trial court. Defense counsel thought he had an agreement pursuant to *People v. Cobbs*, 505 N.W.2d 208 (Mich. 1993), that Defendant's minimum sentence would not be greater than eighty-four-months imprisonment. However, the trial court indicated that, if Petitioner pleaded guilty to all of the above-stated charges, then he would be sentenced within the sentencing guidelines, which were (1) eighty-four-months imprisonment for the delivery conviction, (2) eighty-four-months imprisonment for the possession with intent to deliver conviction, and, (3) the mandatory two-years imprisonment for the felony-firearm conviction. All sentences would be served consecutively, totaling one-hundred-ninety-two-months imprisonment as a minimum sentence. The maintaining a drug house conviction was a misdemeanor.

Subsequently, the assistant prosecutor made an offer of a plea and sentence whereby if Petitioner pleaded guilty to Count One, delivery of cocaine—225 to 649 grams, with a mandatory minimum sentence of twenty-years imprisonment and a maximum sentence of thirty-years imprisonment, all of the other charges would be dismissed. The assistant prosecutor then said that "under the new law, within ten years, he could petition the Department of Corrections to be released early." (Plea Hearing Tr., 9, June 10, 2003.)

Following this offer, the trial court informed Petitioner that he had a choice as to which plea and sentence agreement he wanted, either the one where he pleaded guilty to all of the charges with a minimum sentence of one-hundred-ninety-two-months imprisonment, or one where he pleaded guilty to Count One with a sentence of twenty-to-thirty-years imprisonment and all other charges would be dismissed. Petitioner pleaded guilty to the latter.

In tendering his guilty plea, Petitioner said that, in February 2002, he took a large amount of cocaine in a bag to an apartment and delivered that cocaine to another person by handing it to

him. He indicated that subsequently he was arrested. The laboratory report indicated that the amount of cocaine delivered was 368 grams. The trial court accepted Petitioner's guilty plea. (Plea Hearing Tr., 30-33, June 10, 2003.) On July 23, 2003, the trial court sentenced Petitioner to twenty-to-thirty-years imprisonment. (Sentence Hearing Tr., 5, 10, July 23, 2003.)

Following his sentencing, Petitioner, through counsel, filed an application for leave to appeal in the Michigan Court of Appeals, raising the following claim:

> I. Did the trial court commit reversible error in sentencing [Petitioner] to a term of incarceration which exceeds the minimum and maximum term of incarceration for that offense said by statute?

The Michigan Court of Appeals granted Petitioner's application for leave to appeal "to consider whether his sentence must be vacated because it exceeds the terms set forth in MCL 333.7401, as amended effective March 1, 2003." *People v. Doby*, No. 251680, 2005 WL 415280, at *1 (Mich. Ct. App. Feb. 22, 2005). However, Petitioner's sentence was affirmed. The Michigan Court of Appeals stated in pertinent part:

> After leave was granted, this Court held in *People v. Doxey*, 263 Mich.App. 115, 122; 687 NW2d 360 (2004), [*lv pending*], that the amended statute applies "only to offenses committed on or after the effective date of the legislation, March 1, 2003." [Petitioner's] offense was committed before the effective date of the legislation. Pursuant to *Doxey*, the amended provisions do not apply. [Petitioner] offers no basis for distinguishing this case from *Doxey*. Pursuant to *Doxey*, the sentence was proper.

*Doby*, 2005 WL 415280 at *1. (On March 29, 2005, the Michigan Supreme Court denied the application for leave to appeal in *Doxey*. *See People v. Doxey*, 693 N.W.2d 818 (Mich. 2005)).

Subsequently, Petitioner filed an application for leave to appeal that decision in the Michigan Supreme Court, raising the same claim as raised in the court of appeals and, in addition, Petitioner

3

moved to add two new issues:

> I. [Petitioner's] rights to equal protection under the Michigan and Federal Constitutions [were] violated by the legislature's decision to treat criminal defendant[]s who were convicted after March 1, 2003[,] differently from similarly situated defendants whose criminal culpability was otherwise factually identical.
>
> II. [Petitioner] must be re-sentenced in order to avoid a violation of the separation of powers doctrine.

The Michigan Supreme Court granted Petitioner's motion to add those issues but denied the application for leave to appeal. In its opinion, the Michigan Supreme Court stated: "[w]e take this opportunity to clarify that, although defendant is not entitled to the new sentencing provisions contained in MCL 333.7401(2)(a)(ii), he is entitled to early parole eligibility under MCL 769.234(11) [sic]." *People v. Doby*, 706 N.W.2d 741 (Mich. 2005), *amended by* 711 N.W.2d 13 (Mich. 2006) (the amendment to the order correctly cited Mich. Comp. Laws § 791.234(11) as opposed to Mich. Comp. Laws § 769.234(11)).

Petitioner filed his habeas petition on December 7, 2006, raising the same claims as were raised in the Michigan Supreme Court.

### III.

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) governs this Court's habeas corpus review of state-court decisions. Specifically, 28 U.S.C. § 2254(d) states in pertinent part:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> (1) resulted in a decision that was contrary to, or involved an

> unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented at the State court proceedings.

Under (d)(1), a federal court may grant a writ of habeas corpus under two different clauses, both of which provide two bases for relief. Under the "contrary to" clause, a federal court may grant habeas relief if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has decided on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). The words "contrary to" should be construed to mean "diametrically different, opposite in character or nature, or mutually opposed." *Id.*

Under the "unreasonable application" clause, a federal court may grant habeas relief if the state court identifies the correct governing legal principle from the Supreme Court's decisions but unreasonably applies that principle to the facts. *Williams*, 529 U.S. at 407-08. Relief is also available under this clause if the state-court decision either unreasonably extends or unreasonably refuses to extend a legal principle from Supreme Court precedent to a new context. *Id.* at 407; *Arnett v. Jackson*, 393 F.3d 681, 686 (6th Cir. 2005). The proper inquiry for the "unreasonable application" analysis is whether the state-court decision was "objectively unreasonable" and not simply erroneous or incorrect. *Williams*, 529 U.S. at 407; *Lordi v. Ishee*, 384 F.3d 189, 195 (6th Cir. 2004).

In analyzing whether a state-court decision is "contrary to" or an "unreasonable application of" clearly established Supreme Court precedent, a federal court may only look to the holdings, as opposed to dicta, of the Supreme Court's decisions as of the time of the relevant state-court decision.

*Lockyer v. Andrade*, 538 U.S. 63, 71 (2003); *Williams*, 529 U.S. at 412.

With this standard in mind, the Court proceeds to the merits of the petition for a writ of habeas corpus.

A.

Petitioner contends that he has been denied equal protection because he was not given the benefit of legislation that became effective subsequent to his commission of the crime. Respondent argues that Petitioner never presented this argument to the Michigan Court of Appeals and therefore the claim for habeas-corpus relief is unexhausted. Respondent also argues the merits of Petitioner's claim, contending that it is without merit.

The doctrine of exhaustion of state remedies requires state prisoners to "fairly present" their claims as federal constitutional issues in the state courts before raising those claims in a federal habeas corpus petition. *See* 28 U.S.C. § 2254(b)(1)(A), (C); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

The exhaustion requirement is satisfied if a prisoner invokes one complete round of the state's established appellate review process. *O'Sullivan*, 526 U.S. at 845. A prisoner "fairly presents his claims to the state courts by citing a provision of the Constitution, federal decisions using constitutional analysis, or state decisions employing constitutional analysis in similar fact patterns." *Levine v. Torvik*, 986 F.2d 1506, 1516 (6th Cir. 1993); *see also Prather v. Reese*, 822 F.2d 1418, 1420 (6th Cir. 1987) (holding that "[o]rdinarily, the state courts must have had the opportunity to pass on defendant's claims of constitutional violations"). A Michigan prisoner must present each ground to both Michigan appellate courts before seeking federal habeas corpus relief.

*See Mohn v. Bock*, 208 F. Supp. 2d 796, 800 (E.D. Mich. 2002); *see also Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990) ("[i]n the Sixth Circuit, a habeas petitioner normally must present his claim to the state's highest court in order to exhaust state remedies under 28 U.S.C. § 2254 "). The petitioner bears the burden of showing that state-court remedies have been exhausted. *Rust*, 17 F.3d at 160. The exhaustion requirement may be excused where there is no opportunity to obtain relief in state court, or if the process to do so is so deficient as to render futile any effort to obtain relief in state court. *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981).

Here, the Michigan Supreme Court granted Petitioner's motion to add issues but denied his application for leave to appeal. As stated above, and, as a normal rule, if a petitioner fails to present claims on his direct appeal to the Michigan Court of Appeals, the subsequent presentation of the issues to the Michigan Supreme Court would not satisfy the exhaustion requirement for habeas purposes. *See Winegar v. Corrs. Dep't*, 435 F. Supp. 285, 288-89 (W.D. Mich. 1977) (holding that a habeas petitioner challenging a Michigan conviction must always present his claim to the Michigan Court of Appeals before raising it in the Michigan Supreme Court). However, Petitioner's case is distinguishable from the situation in the *Winegar* case. In *Winegar*, the petitioner appealed to the Michigan Court of Appeals following his conviction in the Jackson County Circuit Court, which affirmed his conviction, and his leave to appeal that decision to the Michigan Supreme Court was denied.

In the instant case, Petitioner filed a motion to add the new issues for consideration by the Michigan Supreme Court in his *pro per* application for leave to appeal. The Michigan Supreme Court granted his motion and permitted him to add those new issues. That court then went on to deny leave to appeal in a standard one sentence order but nevertheless made a statement regarding

7

Petitioner's sentencing claim in that order: "[A]lthough defendant is not entitled to the new sentencing provisions contained in MCL 333.7401(2)(a)(ii), he is entitled to early parole eligibility under MCL 791.234(11)." *Doby*, 706 N.W.2d 741, *amended by* 711 N.W.2d 13.

In *Boles v. Foltz*, 559 F. Supp. 1302, 1304 (E.D. Mich. 1983) (Cohn, J.), the district court held that although a claim involving a habeas petitioner's illegal arrest had not been raised as a separate issue in the Michigan Court of Appeals before the issue was presented to the Michigan Supreme Court, such deficiency did not preclude a finding that the petitioner had exhausted his state remedies with respect to that claim. In so ruling, the *Boles* court noted that, although the issue was not raised before the Michigan Court of Appeals, the claim was presented in a supplemental brief which the Michigan Supreme Court permitted the petitioner to file. The court also noted that the Michigan Supreme Court's order, which denied the petitioner leave to appeal did not specifically state why relief was being denied. The court stated:

> Given the ambiguity of that order, the fact Petitioner was allowed to file the 'reply' brief raising the issue and that the facts underlying the claim of illegal arrest were presented to both the trial court and the Michigan Court of Appeals in connection with Petitioner's challenge to the admission of his confessions, I cannot assume that the Michigan Supreme Court denied relief simply because Petitioner's claim (issue 3, *infra*) had not been explicitly raised in the Court of Appeals.

*Boles*, 559 F. Supp. at 1304. The court then concluded that the petitioner had properly exhausted his state-court remedies. *Id.*

Similarly, in *McWilson v. Foltz,* 793 F.2d 1292, at *2 (6th Cir.1986) (table opinion), the Sixth Circuit found that an issue had been exhausted by a habeas petitioner when the Michigan Supreme Court granted the petitioner leave to add issues and then denied his request to remand to the Michigan Court of Appeals for delayed consideration of the issue.

Against that backdrop, the Court concludes that Petitioner's claims have been properly exhausted. The Michigan Supreme Court gave Petitioner permission to raise the additional claims with that court. In its order denying leave to appeal, the Michigan Supreme Court did not indicate why relief was being denied, and the factual basis underlying this independent claim was raised before the Michigan Court of Appeals. The Court therefore concludes that by receiving permission from the Michigan Supreme Court to add the additional claims in his application for leave to appeal, Petitioner has properly exhausted the claims for purposes of habeas review, pursuant to *Boles* and *McWilson*.

On that basis, and because Respondent has addressed the merits of the equal protection claim, the Court will proceed to address the merits of Petitioner's equal protection claim.

B.

Petitioner claims that he is being denied equal protection because other defendants who have been convicted subsequent to the amendment of Michigan's controlled substances law have received lesser sentences for possessing the same, or greater, quantities of cocaine or heroin. However, there is no constitutional requirement that persons convicted of the same offenses receive identical sentences. *Williams v. Illinois*, 399 U.S. 235, 243 (1970). A state "legislature may prospectively reduce the maximum penalty for a crime even though prisoners sentenced to the maximum penalty before the effective date of the act would serve a longer term of imprisonment than one sentenced to the maximum term thereafter." *Frazier v. Manson,* 703 F.2d 30, 36 (2d Cir. 1983).

Moreover, a petitioner who alleges an equal protection violation has the burden of proving "the existence of purposeful discrimination." *McClesky v. Kemp*, 481 U.S. 279, 292 (1987) (citing *Whitus v. Georgia*, 385 U.S. 545, 550 (1967)). Here, the Court finds that Petitioner's equal

9

protection claim is without merit.

"The Equal Protection Clause of the Fourteenth Amendment commands that no state shall 'deny to any person within its jurisdiction the equal protection of the laws.'" *Michael v. Ghee*, 498 F.3d 372, 379 (6th Cir. 2007) (quoting U.S. Const. amend. XIV, § 1). The Clause requires that similarly-situated individuals be treated alike. *Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985) (citing *Plyer v. Doe*, 457 U.S. 202, 216 (1982)); *Buchanan v. Bolivar*, 99 F.3d 1352, 1360 (6th Cir. 1996) (quoting *Gutzwiller v. Fenik*, 860 F.2d 1317, 1328 (6th Cir. 1988)). Petitioner cannot show that he has been treated differently than similarly-situated individuals.

In order to state a claim under the Equal Protection Clause of the Fourteenth Amendment, a claimant must allege that a state actor intentionally discriminated against him or her because of membership in a protected class. *Henry v. Metro. Sewer Dist.*, 922 F.2d 332, 341 (6th Cir. 1990) (citing *Johnson v. Morel*, 876 F.2d 477, 479 (5th Cir. 1989)). Prisoners are not a suspect class under equal protection principles. *Carnes v. Engler*, 76 Fed. Appx. 79, 81 (6th Cir. 2003); *Hadix v. Johnson*, 230 F.3d 840, 843 (6th Cir. 1998). In the present case, Petitioner's equal protection claim is without merit, because he has failed to allege any facts which show that there was intentional discrimination against him on the basis of his membership in a protected class, such as race, religion, or nationality. *Carnes*, 76 Fed. Appx. at 81; *See also Swant v. Hemingway*, 23 Fed.Appx. 383, 384 (6th Cir. 2001) (exclusion of inmate whose drug sentence included a weapon enhancement from eligibility under § 3621(e) for successfully completing a drug treatment program did not violate equal protection).

Some habeas courts have noted that the Michigan courts sentenced all prisoners who violated Michigan's controlled substances statute before March 1, 2003, under the State's old sentencing

scheme. *See Tekeste v. Lafler*, No. 06-CV-14839, 2007 WL 4557693, at *3 (E.D. Mich. Dec. 20, 2007) (Duggan, J.); *Sutton v. Birkett*, No. 5:06-CV-169, 2006 WL 3940550, at *2 (W.D. Mich. Nov. 30, 2006). This is because the Michigan Court of Appeals has interpreted the 2003 Amendments as applying only prospectively. *Doxey*, 687 N.W.2d at 364-65. Petitioner therefore was not treated differently from similarly-situated individuals—*i.e.* drug offenders (1) whose crimes involved less than 650 grams of cocaine; (2) who committed their crimes before March 1, 2003; and (3) who were sentenced after March 1, 2003. The Court therefore concludes that Petitioner has no right to habeas relief on the basis of his equal protection claim.

C.

Petitioner also contends that (1) the trial court erred in sentencing him above the minimum and maximum term of imprisonment as set by statute, and (2) he should be re-sentenced under the new, more lenient sentencing provisions of Michigan's controlled substances law, arguing that 2002 P.A. 665, which reduced the penalties for his offense, should be applied retroactively to his case, in order to avoid a violation of the separation of powers doctrine.

Federal habeas review is limited to deciding whether a conviction violated the Constitution, laws, and treaties of the United States. *Estelle v. McGuire*, 502 U.S. 62, 68 (1991). "[F]ederal habeas corpus relief does not lie for errors of State law." *Id.* at 67 (quoting *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990)). The State's computation of Petitioner's prison term involves a matter of state law that is not cognizable on federal habeas review. *Austin v. Jackson*, 213 F.3d 298, 300 (6th Cir. 2000) (alleged violation of state law with respect to sentencing is not subject to federal habeas review); *Cheatham v. Hosey*, 12 F.3d 211 (6th Cir.1993) (departure from sentencing guidelines is an issue of state law not cognizable on federal habeas review). Such claims are not normally

11

cognizable on federal habeas review, unless the habeas petitioner can show that the sentence imposed exceeded the statutory limits or is wholly unauthorized by law. *See Lucey v. Lavigne*, 185 F. Supp. 2d 741, 745 (E.D. Mich. 2001).

Here, Petitioner was sentenced pursuant to a *Cobbs* agreement to twenty-to-thirty-years imprisonment. The underlying offense occurred in February 2002. At the time of the offense, the penalty was a mandatory minimum of twenty years with a maximum of no more than thirty years. The statute provided for a departure from the mandatory minimum if substantial and compelling reasons existed. Effective March 1, 2003, the Michigan Legislature made substantive changes to the Public Health Code, including Mich. Comp. Laws § 333.7401(2), by altering the amounts of cocaine the specific statute prohibits, along with the respective punishment provision. Even though the prosecutor charged Petitioner with violating the statute as it existed at the time Petitioner committed the crime in the year 2002, Petitioner argues that he should be given the benefit of the amended statute. Petitioner's argument must fail.

A habeas petitioner serving a state sentence has no federal constitutional right to retroactive application of more lenient state sentencing rules and is therefore not entitled to federal habeas relief on that ground. *See Dockins v. Hines,* 374 F. 3d 935, 940 (10th Cir. 2004). In addition, the Michigan Court of Appeals has held that the new sentencing provisions contained within 2002 P.A. 665 should be applied only prospectively and only to those offenses committed on or after the effective date of the legislation, March 1, 2003. *See Doxey*, 687 N.W.2d at 364; *see also People v. Thomas*, 678 N.W.2d 631 (Mich. Ct. App. 2004). Petitioner does not deny that the offense that he was convicted of occurred prior to the enactment date of 2002 P.A. 665.

Because the Michigan Court of Appeals has held that the provisions of 2002 P.A. 665 do not

apply retroactively, Petitioner's claim that the trial court should have sentenced him under the amended penalties contained in this Public Act does not merit habeas relief. *See Snook v. Wood,* 89 F.3d 605, 611 (9th Cir. 1996). Moreover, this Court, sitting in federal habeas review, has no power to apply the "rule of lenity" to grant Petitioner habeas relief because this rule is one of statutory interpretation and nothing in the federal constitution requires a state court to apply the rule of lenity when interpreting a state statute. *See Sabetti v. Dipaolo,* 16 F.3d 16, 19 (1st Cir. 1994). Petitioner is therefore not entitled to habeas relief on his sentencing claims.

IV.

For the reasons set forth above, this Court holds that the state appellate court's conclusion that Petitioner's claims lack merit did not result in a decision that was contrary to, or an unreasonable application of, Supreme Court precedent.

Before Petitioner may appeal this Court's dispositive decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

When a federal district court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, a district court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the

13

petitioner's claims. *Id*. at 336-37.

When a federal district court denies a habeas claim on procedural grounds without addressing the claim's merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *See Slack*, 529 U.S. at 484-85.

Having considered the matter, the Court concludes that Petitioner has failed to make a substantial showing of the denial of a constitutional right such that a certificate of appealability is not warranted in this case. The Court further concludes that Petitioner should not be granted leave to proceed on appeal *in forma pauperis*, as any appeal would be frivolous. *See* Fed. R. App. P. 24(a).

Accordingly;

IT IS ORDERED that the petition for writ of habeas corpus [dkt 1] is DENIED.

IT IS FURTHER ORDERED that a certificate of appealability and leave to proceed on appeal *in forma pauperis* are DENIED.

IT IS SO ORDERED.

S/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated: April 8, 2009

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on April 8, 2009.

S/Marie E. Verlinde
Case Manager
(810) 984-3290